TONY WEST
Assistant Attorney General
Civil Division
U.S. Department of Justice

KENNETH L. JOST
Acting Director
Office of Consumer Protection Litigation

ALAN PHELPS
Trial Attorney
Office of Consumer Protection Litigation
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
Telephone: 202-307-6154
Fax: 202-514-8742
Email: alan.phelps@usdoj.gov

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### San Jose Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>W3 INNOVATIONS, LLC,<br>    a limited liability company,<br>    also doing business as<br>    Broken Thumbs Apps, and<br><br>JUSTIN MAPLES,<br>    individually an as an officer of<br>    W3 INNOVATIONS, LLC,<br>               Defendants. | CV11-03958 PSG<br><br>**CONSENT DECREE AND ORDER FOR CIVIL PENALTIES, INJUNCTION, AND OTHER RELIEF** |

    WHEREAS Plaintiff, the United States of America, has commenced this action by filing the complaint herein; Defendants have waived service of the Summons and Complaint; the parties have been represented by the attorneys whose names appear hereafter; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law, and without Defendants admitting that any issue of fact or law other than those relating to jurisdiction and venue is true;

THEREFORE, on the joint motion of Plaintiff and Defendants, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. This Court has jurisdiction of the subject matter and of the parties pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b.

2. Venue is proper as to all parties in the Northern District of California under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b)-(c) and 1395(a).

3. The activities of Defendants are in or affecting commerce as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The Complaint states a claim upon which relief may be granted against Defendants under Sections 1303(c) and 1306(d) of the Children's Online Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. §§ 6501-6506, 6502(c), and 6505(d); the Commission's Children's Online Privacy Protection Rule, 16 C.F.R. Part 312; and Sections 5(a)(1), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58, 45(a)(1), 45(m)(1)(A), 53(b), and 56(a). Among other things, the complaint alleges that Defendants violated COPPA by failing to provide notice to parents of their information practices, and by failing to obtain verifiable parental consent prior to collecting, using, and/or disclosing personal information from children online.

5. Defendants have entered into this Consent Decree and Order for Civil Penalties, Injunction, and Other Relief ("Order") freely and without coercion. Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by them.

6. Plaintiff and Defendants hereby waive all rights to appeal or otherwise challenge the validity of this Order.

7. Plaintiff and Defendants stipulate and agree that entry of this Order shall constitute a full, complete, and final settlement of this action.

8. Defendants have agreed that this Order does not entitle them to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and Defendants further waive any rights to attorneys' fees that may arise under

said provision of law.

9. Entry of this Order is in the public interest.

## DEFINITIONS

10. "Rule" means the Federal Trade Commission's Children's Online Privacy Protection Rule, 16 C.F.R. Part 312.

11. The terms "child," "collects," "collection," "Commission," "delete," "disclosure," "Internet," "online contact information," "operator," "parent," "person," "personal information," "third party," "verifiable consent," and "website or online service directed to children," mean as those terms are defined in Section 312.2 of the Rule, 16 C.F.R. § 312.2.

12. "Individual Defendant" means Justin Maples.

13. "Corporate Defendant" means W3 Innovations, LLC, and its successors and assigns.

14. "Defendants" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

## INJUNCTION

15. **IT IS ORDERED** that Defendants, and their officers, agents, representatives, and employees, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined, directly or through any corporation, subsidiary, division, website, or other device, from:

   A. Failing to provide sufficient notice of what information Defendants collect online from children, how they use such information, their disclosure practices, and all other content, on any website or online service that is directed to children, or any website or online service through which they, with actual knowledge, collect, use, and/or disclose personal information from children, as required by Section 312.4(b) of the Rule, 16 C.F.R. § 312.4(b);

   B. Failing to provide direct notice to parents of what information Defendants collect online from children, how they use such information, their disclosure practices, and all other required content, in connection with any website or online service

that is directed to children, or any website or online service through which they, with actual knowledge, collect, use, and/or disclose personal information from children, as required by Section 312.4(c) of the Rule, 16 C.F.R. § 312.4(c);

C. Failing to obtain verifiable parental consent before any collection, use, and/or disclosure of personal information from children, in connection with any website or online service that is directed to children, or on any website or online service through which they, with actual knowledge, collect, use, and/or disclose personal information from children, as required by Section 312.5 of the Rule, 16 C.F.R. § 312.5(a)(1); or,

D. Violating any other provision of the Children's Online Privacy Protection Rule, 16 C.F.R. Part 312, and as the Rule may hereafter be amended. A copy of the Rule is attached hereto as "Appendix A" and incorporated herein as if fully set forth verbatim.

## DELETION OF CHILDREN'S PERSONAL INFORMATION

16. **IT IS FURTHER ORDERED** that Defendants, within five (5) days from the date of entry of this Order, shall delete all personal information collected and maintained in violation of the Rule at any time from April 21, 2000 through the date of entry of this Order.

## CIVIL PENALTY

17. **IT IS FURTHER ORDERED** that Defendants, jointly and severally, shall pay to Plaintiff a civil penalty, pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), in the amount of fifty thousand dollars ($50,000).

18. Prior to or concurrently with Defendants' execution of this Order, Defendants shall turn over the full amount of the civil penalty to their attorneys, who shall hold the entire sum for no purpose other than payment to the Treasurer of the United States after entry of this Order by the Court. Within five (5) days of receipt of notice of the entry of this Order, Defendants' attorneys shall transfer the sum of $50,000 in the form of a wire transfer or certified cashier's check made payable to the Treasurer of the United States. The check

and/or written confirmation of the wire transfer shall be delivered in accordance with procedures specified by the Office of Consumer Litigation, Civil Division, U.S. Department of Justice, Washington, DC 20530.

19. Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise.

20. Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true, without further proof, in any subsequent civil litigation filed by or on behalf of the Commission solely to enforce its rights to any payment or money judgment pursuant to this Order.

21. Defendants agree that the judgment represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, therefore, as to the Individual Defendant, is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

22. In the event of any default in payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid penalty, together with interest, as computed pursuant to 28 U.S.C. § 1961 (accrued from the date of default to the date of payment) shall immediately become due and payable.

## COMPLIANCE MONITORING

23. **IT IS FURTHER ORDERED** that for the purpose of monitoring and investigating compliance with any provision of this Order:

   A. Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants each shall submit written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation. Provided that Defendants, after attempting to resolve any dispute without court action and for good cause shown,

may file a motion with this Court seeking an order including one or more of the protections set forth in Fed. R. Civ. P. 26(c).

B. In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1. Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

2. Having its representatives pose as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and,

C. Defendants each shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present, including Defendants' counsel and any individual counsel.

D. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with each Defendant.

***Provided however,*** that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## COMPLIANCE REPORTING

24. **IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of three (3) years from the date of entry of this Order,

1. Individual Defendant shall notify the Commission of the following:

a. Any changes in such Defendant's residence, mailing address, and

telephone number, within ten (10) days of the date of such change;

  b. Any changes in such Defendant's employment status (including self-employment), and any change in such Defendant's ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that such Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and,

  c. Any changes in such Defendant's name or use of any aliases or fictitious names within ten (10) days of the date of such change;

 2. Defendants shall notify the Commission of any changes in structure of the Corporate Defendant or any business entity that any Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided that*, with respect to any such change in the business entity about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. Sixty (60) days after the date of entry of this Order, and thereafter for a period of three (3) years, at such times as the Federal Trade Commission shall reasonably require, Defendants each shall provide a written report to the Commission, which is true and accurate and sworn to under penalty of perjury, setting forth in detail

the manner and form in which each has complied and is complying with this Order. This report shall include, but not be limited to:

1. For the Individual Defendant:

    a. such Defendant's then-current residence address, mailing addresses, and telephone numbers;

    b. such Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that such Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and,

    c. Any other changes required to be reported under Subsection A of this Section.

2. For the Corporate Defendant and Individual Defendant, for any business which they, individually or collectively, own a majority interest in or directly or indirectly control:

    a. A statement setting forth in detail the criteria and process through which any of Defendant's websites or online services enable the collection or disclosure of personal information, and a copy of each different version of screen or page where personal information can be collected or disclosed;

    b. A copy of each different version of privacy notice posted on any of Defendant's websites or online services;

    c. A statement setting forth in detail each place where a privacy notice or a link to a privacy notice is located on any website or online service, and a copy of each different version of screens or pages containing a privacy notice or a link to a privacy notice;

       d.    A copy of each different version of privacy notice sent to parents;

       e.    A statement setting forth in detail when and how each notice to parents is provided;

       f.    A statement setting forth in detail the methods used to obtain verifiable parental consent prior to any collection, use, and/or disclosure of personal information from children;

       g.    A statement setting forth in detail the means provided for parents to review the personal information collected from their children and to refuse to permit its further use or maintenance;

       h.    A statement setting forth in detail why each type of information collected from a child is reasonably necessary for the provision of the particular related activity;

       i.    A statement setting forth in detail the procedures used to protect the confidentiality, security, and integrity of personal information collected from children;

       j.    A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order"; and,

       k.    Any other changes required to be reported under Subsection A of this Section.

C.    Each Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.

D.    For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier (not the U.S. Postal Service) all reports and notifications to the Commission that are required by this Order to the following address:

Associate Director for Enforcement
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
RE: *U.S. v. W3 Innovations, LLC*

*Provided* that, in lieu of overnight courier, Defendants may send such reports or notifications by first-class mail, but only if Defendants contemporaneously send an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

## RECORD-KEEPING PROVISIONS

25.  **IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Order, Corporate Defendant and Individual Defendant, for any business engaged in activities relating to the subject matter of this Order, and which they, individually or collectively, own a majority interest in or directly or indirectly control, are hereby restrained and enjoined from failing to create and retain the following records:

A. A print or electronic copy of all documents necessary to demonstrate full compliance with each provision of this Order, including, but not limited to:

  1. Copies of acknowledgments of receipt of this Order required by Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order";
  2. All reports submitted to the Commission pursuant to the Section titled "Compliance Reporting";
  3. A sample copy of every materially different form, page, or screen through which personal information is collected or disclosed, and a sample copy of each materially different document containing any representation regarding Defendants' collection, use, and disclosure practices pertaining to personal information of a child. Each web page copy shall be accompanied by the URL of the web page where the material was posted

online. Electronic copies shall include all text and graphics files, audio scripts, and other computer files used in presenting information. *Provided*, however, that Defendants shall not be required to retain any document for longer than two (2) years after the document was created, or to retain a print or electronic copy of any amended form, page, or screen to the extent that the amendment does not affect Defendants' compliance obligations under this Order.

## DISTRIBUTION OF ORDER

26. **IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, Defendants shall deliver copies of the Order, including Appendix A, as directed below:

   A. Corporate Defendant: The Corporate Defendant must deliver a copy of this Order to: (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who have responsibilities related to the operation of any website or online service subject to this Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2. of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon each such Defendant. For new personnel, delivery shall occur prior to their assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2. of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

   B. Individual Defendant as control person: For any business engaged in activities related to the subject matter of this Order, and that the Individual Defendant owns a majority interest in or directly or indirectly controls, Individual Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in activities related to the subject matter of the Order; and (3) any

business entity resulting from any change in structure set forth in Subsection A.2. of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant. For new personnel, delivery shall occur prior to their assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2. of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C. Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section. Defendants shall maintain copies of the signed statements, as well as other information regarding the fact and manner of its compliance, including the name and title of each person to whom a copy of the Order has been provided and, upon request, shall make the statements and other information available to the Commission.

**ACKNOWLEDGMENT OF RECEIPT OF ORDER**

27. **IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

**PROVISION OF TAXPAYER IDENTIFYING NUMBERS**

28. **IT IS FURTHER ORDERED** that the Corporate Defendant is hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Federal Trade Commission its taxpayer identifying number (employer identification number), which shall be used for purposes of collecting and reporting any delinquent amount arising out of its relationship with the government.

**RETENTION OF JURISDICTION**

29. This Court shall retain jurisdiction of this matter for the purposes of construction, modification, and enforcement of this Order.

1     **JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiff and against

2 Defendants, pursuant to all the terms and conditions recited above.

3     Dated this 8th day of September, 2011.

*Paul S. Grewal*
UNITED STATES xxxxxxx JUDGE
              Magistrate

The parties, by their counsel, hereby consent to the terms and conditions of the Order as set forth above and consent to the entry thereof.

FOR THE UNITED STATES OF AMERICA:

TONY WEST
Assistant Attorney General
Civil Division
U.S. Department of Justice

MAAME EWUSI-MENSAH FRIMPONG
Acting Deputy Assistant Attorney General
Civil Division

KENNETH L. JOST
Acting Director
Office of Consumer Protection Litigation

*/s/ Alan Phelps*
ALAN PHELPS
Trial Attorney
Office of Consumer Protection Litigation
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
Telephone: 202-307-6154
Fax: 202-514-8742
Email: alan.phelps@usdoj.gov

FOR THE FEDERAL TRADE COMMISSION:

*[signature]*

Michael Ostheimer
Attorney
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
(202) 326-2699 (voice)
(202) 326-3259 (fax)

*[signature]*

Mamie Kresses
Attorney
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
(202) 326-2070 (voice)
(202) 326-3259 (fax)

FOR THE DEFENDANTS:

W3 INNOVATIONS, LLC

*[signature]*

Justin Maples, President

*[signature]*

Justin Maples, individually and as an officer of W3 Innovations, LLC

*[signature]*

Barry J. Reingold
Perkins Coie LLP
Attorney for Defendants

**Consent Decree and Order**  Page 15 of 15